UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA ESTERCES,<br><br>    Plaintiff,<br><br>    v.<br><br>SOUTHERN MONO HEALTHCARE, et al.<br><br>    Defendants. | No. 2:18-cv-1121-TLN-KJN<br><br>ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO COMPEL AND VACATING HEARING<br><br>(ECF No. 23.) |

Presently pending before the court is defendant Southern Mono's motion to compel further discovery responses propounded by defendant. (ECF No. 23.) For the reasons discussed below, the motion is DENIED WITHOUT PREJUDICE for failure to comply with Local Rule 251.

Local Rule 251 provides that a discovery motion "shall not be heard unless (1) the parties have conferred and attempted to resolve their differences, and (2) the parties have set forth their differences and the bases therefor in a Joint Statement re Discovery Disagreement." E.D. Cal. L.R. 251(b). The Local Rule states that the hearing "may be dropped from the calendar without prejudice if the Joint Statement re Discovery Disagreement . . . is not filed at least seven (7) days before the scheduled hearing date." L.R. 251(a).

Here, the parties plainly failed to comply with Local Rule 251. Defendant filed its motion on June 21, 2019, raising three discovery–related issues. (See ECF No. 23.) On July 9,

1

Defendant filed a stipulation to continue the hearing to August 22, stating that after the parties conferred, "some of the issues have been resolved, [but] other matters will require the Motion to Compel to go forward." (ECF No. 24.) Defendant concluded that "the parties will be required to file a Joint Statement re Discovery Disagreement at least 7 days before the hearing." (Id.) However, no joint statement was filed, and the Court has no indication of the current status of the discovery dispute. Therefore, the motion to compel is denied, but without prejudice; Defendant may re-notice the hearing in compliance with Local Rule 251.

Finally, the court also strongly encourages the use of informal telephonic discovery conferences with the court in lieu of formal discovery motion practice. The procedures and conditions for requesting and conducting such an informal telephonic discovery conference are outlined in Judge Newman's "Order re Informal Telephonic Conferences re Discovery Disputes," posted on the court's website at http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/5046/. However, the parties are cautioned that these informal procedures are not to be abused, and the court may impose appropriate sanctions on an offending party or parties, even in the course of informal discovery conferences.

Accordingly, IT IS HEREBY ORDERED that:

1. The pending motion to compel (ECF No. 23) is DENIED WITHOUT PREJUDICE; and

2. The August 22, 2019 hearing is VACATED.

Dated: August 19, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE