1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DEBRA ESTERCES,                          No.  2:18-cv-1121-TLN-KJN

12                   Plaintiff,                ORDER GRANTING IN PART
                                               DEFENDANT'S MOTION TO COMPEL
13          v.
                                               (ECF No. 27.)
14    SOUTHERN MONO HEALTHCARE,

15                   Defendant.

16

17          On September 25, 2019, the Court entertained oral argument regarding Defendant's

18    motion to compel discovery responses.  (ECF No. 27.)  At the hearing, attorney Torin Dorros

19    appeared on behalf of Plaintiff, and attorney Bill Keith appeared on behalf of Defendants.

20    Defendant raises five distinct issues with Plaintiff's responses to the Set One Interrogatories and

21    Set One Request for Production of Documents.  (ECF No. 27.)

22        I.      Plaintiff failed to state her damages for her California Customer Records Act claim;
          II.     Plaintiff fails to offer a clear response on her emotional distress damages;
23        III.    Plaintiff's response regarding attorney fees is open–ended
24        IV.     Plaintiff cannot reserve the right to add new damages claims; and
          V.      Plaintiff has failed to produce relevant emails and texts
25

26    The Court has carefully considered the written briefing, the oral argument, and the applicable law.

27    For the reasons stated below, the Court GRANTS IN PART and DENIES IN PART Defendant's

28    Motion to Compel.

                                                   1

**Analysis**

**I.    Damages Calculation for Plaintiff's CCRA claim.**

Plaintiff has asserted multiple state–law claims regarding Defendant's alleged release of her personal health information.  Relevant here, one of Plaintiff's claims is brought under the California Customer Records Act, Cal. Civ. Code ¶ 1798.82.  Defendant argues Plaintiff's response to Interrogatory 19 is deficient, in that it seeks to know Plaintiff's damages calculation for the CCRA claim.  A review of Plaintiff's response shows that she provided an extensive breakdown of many of her claims—as copied and pasted from her other Interrogatory responses, but appears to have left off any calculation for the CCRA claim.  (See ECF No. 27–2 at pp. 93–107.)  When asked about this at the hearing, counsel for Plaintiff stated on the record that Plaintiff will dismiss the CCRA claim; Defense counsel expressed no reservation to this claim being dismissed.  Thus, the Court takes these representations as a stipulation to dismiss Plaintiff's third claim for relief under the CCRA (see ECF No. 1 at ¶¶ 132–148.), pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii).  See Eitel v. McCool, 782 F.2d 1470, 1472 at fn.3 (9th Cir. 1986) (affirming district court's construing of parties' oral representations at a hearing to be a stipulated dismissal).

**II.    Emotional Distress Damages**

Plaintiff seeks emotional distress damages for her PHI (personal health information) claims as well as her retaliation claims under FEHA (Cal. Civ. Code. § 12940) and her intentional/negligent infliction claims.  In Interrogatories 12–15 and 18–19 (which, taken together, request damages calculations for each and every one of the claims), Plaintiff copied/pasted a paragraph entitled "emotional distress damages."  (See, e.g., ECF No 27–2 at pp. 66–67.)  Plaintiff provided a total figure based on a "per diem" rate—her former hourly rate of pay multiplied by the number of days that had passed since she was fired.  (Id.)  Plaintiff also states that "such number may increase significantly based upon expert review, analysis, opinion, or testimony."  (Id.)

Defendant contends this response is incomplete, as it "leaves the door open for her to provide a completely different and higher number at trial."  (ECF No. 27–1 at p. 16.)  However, the Court notes that Defendant's interrogatories request that she provide a total figure and the

1  methodology, which Plaintiff does.  The fact that Plaintiff intends to argue these damages are

2  ongoing comports with the law of emotional distress damages.  See Ritchie v. Sempra Energy,

3  2014 WL 12637955, at *7 (S.D. Cal. 2014) ("A computation of emotional distress damages is

4  required if the plaintiff intends to assign a specific dollar figure to their emotional distress

5  damages at trial."); E.E.O.C. v. Wal-Mart Stores, Inc., 276 F.R.D. 637, 639 (E.D. Wash. 2011)

6  ("Courts have frequently denied motions to compel computations of emotional distress [] because

7  they are 'difficult to quantify' and are 'typically considered a fact issue for the jury.'").

8      However, it appeared to the Court that Plaintiff muddled her "emotional distress" damages

9  from the alleged leaking of her PHI with the distress alleged from being fired from Defendant's

10  employ.  At the hearing, counsel for Plaintiff stated that these damages are coextensive and would

11  be impossible to distinguish, given that Defendant allegedly leaked Plaintiff's PHI (as a patient of

12  the hospital) and then subsequently fired her from her job.  Counsel stated Plaintiff is not seeking

13  duplicative damages for these separate sets of claims (the PHI claims vs. the employment claims),

14  and the damages calculation is accurately stated in the responses (which is based on a "per diem"

15  theory).  Given these facts and Plaintiff's counsels' representations, as well as that Plaintiff

16  intends to proffer expert testimony on this issue, Plaintiff has adequately responded to the

17  Interrogatories that requested information on her emotional distress damages.

18      **III.    Attorney Fees**

19      Interrogatory No. 20 requested a calculation of Plaintiff's reasonable attorney fees.  (ECF

20  No. 27–2 at p. 107.)  Plaintiff provided that her counselor's reasonable attorney fees are

21  $595/hour, with $125/hour for paralegal fees.  (Id. at p. 120.)  Plaintiff also provided an example

22  of her calculations, stating that if her attorney had 350 hours of billable time, her fees would be

23  $208,250.  After this (unnecessarily long) example, Plaintiff stated that "as of the date of these

24  responses, is seeking $208,250 in reasonable attorney's fees, in addition to CMIA statutory

25  attorney's fees, with the understanding that attorney's fees are ongoing and increasing."  (Id.)

26  Defendant argues that this response is not sufficient enough for it to know what its exposure is for

27  reasonable attorney's fees.  The Court discussed this issue with the parties at the hearing.  To

28  make sure the issue is clear to both sides, the Court orders Plaintiff to supplement her responses

3

by stating the total number of hours and hourly rate claimed as they currently exist.

**IV.    Reservation of Right to Add New Damages**

Defendant takes issue with the following statement, appended to the end of Plaintiff's responses to Interrogatories 12–15/18–20:

> Responding Party may be entitled to further and other damages not specifically identified herein as discovery is ongoing and/or calculations may need to be adjusted based upon new facts or evidence, expert or lay opinion, or otherwise.

(See, e.g., ECF No. 27–2 at p. 121.)  Defendant argues that since fact discovery has now closed, adding new damages would be inappropriate.  Plaintiff contends she has the right to amend or supplement her damages, as she has alleged they are "ongoing."  The parties discussed this issue with the Court at the hearing.  The Court clarified that if Plaintiff does in fact have new claims for damages, these would need to be brought to the district judge for amendment of the pleadings. The Court takes the word of Plaintiff's counsel that there's "no gamesmanship" in these responses.  To the extent that Plaintiff's statement only intends to inform Defendant that her damages may be higher because, for example, her attorney's fees or emotional distress damages are increasing as time continues, Plaintiff's response suffices, but is still to be affirmed as ordered herein.  Thus, this motion to compel is otherwise denied.

**V.    Production of Documents re: Plaintiff's Move to Virginia**

Defendant contends Plaintiff's responses to two of its Request for Production of Documents are deficient.  Request 64 sought "all documents and ESI evidencing, reflecting, or memorializing YOUR efforts to locate housing in Virginia"; Request 65 sought the same regarding Plaintiff's "relocation from California to Virginia."  (ECF No. 27–1 at p. 19.) Specifically, Defendant is seeking communications between Plaintiff and her friend, a resident of Virginia with whom Plaintiff resided five days after Plaintiff's last day of work.  (Id.)  Defendant deposed Plaintiff, who apparently testified about her move, though she contends she did not make the decision to move in with her friend until after she was fired.  (Id.)  Under Requests 64–65, Defendant seeks Plaintiff's "email and text correspondence" between her and her friend.  (Id. at p. 20.)  Defendant contends the issue of when Plaintiff decided to move in with her friend directly reflects how emotionally distressed she was.  Further, based on other of Plaintiff's responses,

1    Defendant states it intends to argue to the jury that Plaintiff had made the decision to move well

2    in advance of her termination, and thus was not emotionally distressed.

3            In her discovery responses, Plaintiff objected to these requests on the following grounds:

4    overbroad, unduly burdensome, vague as to certain terms, privileged ("attorney client, work

5    product, or other confidentiality or privacy protections"), irrelevant, not calculated to lead to the

6    discovery of admissible evidence, calls for expert and/or lay opinion, publicly available

7    information, and calls for information requiring a protective order.  (See ECF No. 27–1 at pp. 19–

8    20.)  In her joint statement, Plaintiff contended that Defendant's pursuit of these correspondence

9    is based on conjecture, and states that none of these documents exist.  Plaintiff also states she

10   turned over documents evincing her travel expenses and credit card charges, which she argues

11   should be sufficient as a response to Requests 64–65.

12           These communications appear relevant to Plaintiff's claim for emotional distress damages.

13   As argued by Defendant, a jury may infer that Plaintiff's emotional distress was lessened (or

14   nonexistent) if she had planned to move to Virginia prior to her termination.  See, e.g., Maryland

15   Cas. Co. v. Knight, 96 F.3d 1284, 1294 (9th Cir. 1996) (Insured's settlement with loss payee was

16   relevant to his claim of emotional distress against commercial property insurer whose refusal to

17   pay replacement value allegedly led to insured's Chapter 11 bankruptcy; fact that settlement came

18   out substantially in insured's favor suggested that declaring bankruptcy enhanced his negotiating

19   position with loss payee, and ultimately worked to insured's advantage); Miller v. Fairchild

20   Indus., Inc., 885 F.2d 498, 512 (9th Cir. 1989) ("[P]roof of the existence of distress is critical to

21   the determination of [defendant's] liability for negligent and intentional infliction of emotional

22   distress."  The Court makes no comment as to the viability of Defendant's theories, but agrees

23   that Defendant should be allowed to explore Plaintiff's decision to move when arguing to the jury

24   about her emotional state before, during, and after her move.

25           At the hearing, the Court recognized that it has no authority to hand over documents that

26   do not exist.  See, e.g., Tapia v. Huntington Park Police Dep't, 2010 WL 11549657, at *2 (C.D.

27   Cal. May 5, 2010.)  However, the Court expressed its doubts that Plaintiff had absolutely *no*

28   emails or texts as shared between her and her friend prior to her move to Virginia, given the

apparent closeness—but long–distance nature—of their friendship.  Counsel for Plaintiff stated

that he has previously discussed this issue with his client, and was open to discussing it with her

again to see if any emails or texts could be produced.  Thus, the Court ordered counsel to further

investigate this issue with his client, including that Counsel should meet with her and review her

email and text accounts to verify this fact.  See Bryant v. Armstrong, 285 F.R.D. 596 (S.D. Cal.

2012) (ordering supplemental responses to Rule 34 requests where it was not clear to the court

whether the defendant "took reasonable steps under the above standards to locate relevant

records.").  The Court also ordered counsel to verify with Plaintiff's friend the extent of the

communications with Plaintiff concerning Plaintiff's move to Virginia.  See, e.g., Laub v.

Horbaczewski, 331 F.R.D. 516, 527 (C.D. Cal. 2019) ("[T]ext messages should be provided in a

manner that provides a 'complete record' . . . .");  Playboy Enterprises, Inc. v. Welles, 60 F. Supp.

2d 1050, 1054 (S.D. Cal. 1999) (emails relevant to a party's claims should be disclosed) (citing

Fed. R. Civ. P. 26).  Additionally, the Court ordered counsel to detail the steps he took to verify

the existence (or lack thereof) of any emails and texts between Plaintiff and her friend.  See Fed.

R. Civ. P. 26(g)(1) (requiring counsel of record to make a "reasonable inquiry" prior to

submitting responses to discovery).  The Court expressed a willingness to sign off on any

protective order that may be needed, and counseled the parties to draft up such a proposed order if

Plaintiff wants one.  Finally, if Plaintiff truly has no emails or texts between her and her friend,

she should so declare in an affidavit.  Rodriguez v. Simmons, 2011 WL 1322003, at *8 (E.D. Cal.

Apr. 4, 2011) ("If documents sought by motion for production of documents were not in

existence, it was incumbent on objecting parties to so state under oath and not by way of a general

unverified allegation.") (citing Jensen v. Boston Ins. Co., 20 F.R.D. 619 (N.D. Cal. 1957).

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1.  Defendant's motion to compel discovery responses (ECF No. 27) is GRANTED IN
    PART and DENIED IN PART;

2.  The parties' stipulation to dismiss Plaintiff's third cause of action under Fed. R. Civ.
    P. 41(a)(1)(A)(ii), to the extent that it requires approval of the Court, is GRANTED;

3.  By Wednesday, October 2, 2019, Plaintiff shall amend her responses as follows:

    a.  Plaintiff shall confirm that she is dismissing her CCRA claim;

    b.  Plaintiff shall reaffirm statements made by her counsel at the hearing that her emotional distress damages for her PHI claims are the same as those for her other claims;

    c.  Concerning attorney fees, Plaintiff shall state the hourly rate and total number of hours sought as of the date of the amended responses;

    d.  Regarding Defendant's motion to compel emails and texts concerning Plaintiff's move to Virginia as between Plaintiff and her friend Ms. Foschi, Plaintiff's counsel shall meet with his client to examine Plaintiff's email and text accounts, detail the steps he took to conduct this reasonable investigation, and supplement the response to Defendant accordingly; and

4.  By Monday, October 7, 2019, Plaintiff shall also supplement her responses to Defendant's request for production concerning the Virginia move after Plaintiff's counsel has conducted a reasonable inquiry into Ms. Foschi's emails and texts. Counsel for Plaintiff shall detail the steps he took to conduct this additional reasonable investigation.

Dated:  September 26, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

este.1121